**PIETRO SCALZITTI COMPANY, an Illinois corporation, Plaintiff-Appellant,**

v.

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 150, Defendant-Appellee.**

**No. 14947.**

United States Court of Appeals
Seventh Circuit.
Oct. 7, 1965.

Emmett J. McCarthy, Charles J. Reed, Chicago, Ill., for appellant.

Bernard M. Baum and Daniel S. Shulman, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

Pietro Scalzitti Company brought this action in the district court against International Union of Operating Engineers, Local No. 150. The complaint was grounded on Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185, as amended (Act). Company seeks to recover damages for expenses and losses claimed to have resulted from an alleged breach of a no-strike clause in the collective bargaining agreement between Company and Union.

Company appeals from an order of the district court sustaining Union's motion to stay the proceedings pending arbitration of the issues raised in the complaint.

Company and Union entered into a written agreement on July 15, 1963, specifically adopting the terms and conditions of a collective bargaining agreement dated February 1, 1963.

The agreement provided in Article I, Section 4(F):

> "Notice on Leaving Job—No employee shall leave his job without giving due notice to his Employer and the Union."

and provided in Article I, Section 6:

> "Work Stoppage—There shall be no stoppage of work by the Union officers and business representatives until all of the procedures set forth in the foregoing Section 5, Article I, have been exhausted."

The agreement contained the following provisions for settlement of grievances:

> "(A) Grievances and Arbitration —Whenever any difference or dispute shall arise as to interpretation or application of the terms of this Agreement, such dispute or difference shall be resolved in the following order:
>
> (1) In conference between the business agent and the des-

ignated representative of the employer.

(2) In the event the dispute cannot be so resolved within twenty-four hours, it shall then be referred to conference between designated officers of the Union and the Associations.

(3) Unless so resolved within forty-eight hours, the matter shall then be submitted to a Board of five arbitrators, who shall commence the Arbitration talks within 48 hours after they have received notice of complaint. Two to be selected by the Union, two to be selected by the Associations, and the fifth to be chosen by the four so selected. Upon the failure to so select a fifth arbitrator within 48 hours, the selection shall then be made in accordance with the rules and procedures of the American Arbitration Association.

"(B) Hearing—The Board of Arbitration so selected shall hear all evidence and render its decision by a majority vote based on evidence and the contract.

"(C) Decision—The decision so rendered shall be final and binding upon both the Union and the Employer."

The pleadings disclose the following factual background leading to this appeal. Company was engaged in the construction business. In February, 1963, it became a subcontractor for the construction of an intercepting sewer project in Cook County, Illinois and entered upon the performance of its contract.

On August 7, 1963, all of Company's employees who were Union members left the job. Company requested Union to furnish the same or other employees for work the following day. Union failed to comply with this request.

As a result of Union's failure to comply with Company's request for employees, Company alleges it was unable to secure workers to complete the work. As a consequence, the Company forfeited its rights to complete the performance of its contract. Company claims damages of $500,000 for its resulting expenses and loss of profits.

Company's complaint was served on Union in December, 1963. On December 30, 1963, Union sent a telegram to Company denying any alleged violation of the collective bargaining agreement and demanding arbitration of issues raised in the complaint pursuant to the agreement. On January 6, 1964, Company replied to the telegram and refused to submit the issues to arbitration.

On January 20, 1964, Union filed, with a supporting affidavit, its motion to stay the action pending arbitration. In its motion to stay, Union does not deny the walkout by its members, nor does it deny it failed to furnish Company with employees as demanded by Company. However, Union does deny it violated the agreement in any respect. This must be taken to mean that Union denies responsibility for the strike and denies it was required by the agreement to furnish Company with employees after the walkout.

It does not appear that Union had knowledge of a contract dispute until it was served with a copy of the complaint. In its supporting affidavit, Union declares it requested arbitration as soon as it received a copy of the complaint filed in the district court.

Company resists the motion to stay on the grounds that the collective bargaining agreement does not contemplate arbitration of a breach of the no-strike clause under the facts of this case; that Section 1 of the United States Arbitration Act precludes the district court from enforcing arbitration as required by the agreement; that Union was in default in proceeding with arbitration; and that the issues of fact presented are properly triable only by the district court.

■ Arbitration and arbitrable issues are to be determined from the bargaining agreement between the parties. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 546–547, 84 S.Ct. 909, 11 L.Ed.2d 898 (1963); Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1961); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1959).

■ Close scrutiny of the arbitration clause in the contract is required. If the issues can be fairly said to come within the coverage of the arbitration clause, a motion to stay proceedings pending arbitration or an order directing arbitration, as the case requires, necessarily must follow. Drake Bakeries, Inc. v. Local 50, American Bakery and Confectionery Workers, 370 U.S. 254, 263–265, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962); United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).

The Court said in the latter case, "The function of a court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract." 363 U.S. at 567–568, 80 S.Ct. at 1346.

■ In Warrior & Gulf, we are taught that doubts about coverage should be resolved in favor of arbitration and that strong evidence of contractual intent to exclude arbitration is required.

While the contract language before us may not be wholly identical to the arbitration clause in Drake Bakeries, yet the instant contract excludes nothing from arbitration and clearly falls within the rationale of Drake Bakeries.

In this appeal, the question raised by the pleadings and Union's supporting affidavit is whether Union violated the bargaining agreement. This is a dispute concerning the meaning, interpretation or application of the agreement. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 569, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). The contract in question in the present case requires arbitration when "any difference or dispute shall arise as to interpretation or application of the terms of this Agreement * * *."

The Third Circuit considered a similar situation in Yale & Towne Mfg. Co. v. Local Lodge No. 1717, Int'l Ass'n of Machinists, 299 F.2d 882 (1962). Relying on Drake Bakeries, in an action by the employer for an alleged breach of a no-strike clause, the court described the arbitration clause as broad and held that the union, which had denied responsibility for a strike, was entitled to a stay of action pending arbitration because of the arbitration clause.

We must reject Company's contrary contentions, and our examination of authorities relied upon by it has not persuaded us that they give adequate support to its argument.

■ We hold, therefore, that the broad language of the bargaining agreement requires arbitration of the dispute in question.

Section 1 of the United States Arbitration Act, 9 U.S.C.A., provides that "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." Obviously, if this section applies to collective bargaining agreements generally, the district court was not required to order a stay of proceedings pending arbitration as set out in the agreement. See 9 U.S.C.A. § 3.

Company asserts that the collective bargaining agreement is a "contract of employment" within the meaning of Section 1 of the Arbitration Act and that the provisions of such Act are inapplicable to the parties in this case.

This issue was decided adversely to Company's contention by the Second Circuit in Signal-Stat. Corp. v. Local 475, United Elec., Radio and Machine Workers, 235 F.2d 298 (1956), cert. denied, 354 U.S. 911, 77 S.Ct. 1293, 1 L.Ed.2d

1428 (1957). This decision adopted the view of the Third Circuit in Tenney Engineering, Inc. v. United Elec., Radio & Machine Workers of America, Local 437, 207 F.2d 450 (1953), the latter case holding that the exclusion related only to workers engaged in the movement of interstate or foreign commerce and that Congress did not intend it to apply to collective bargaining agreements such as are involved in the instant proceeding. We agree with the Second Circuit that this interpretation "accords both with the modern trend and with what we deem to be the intention of Congress." 235 F.2d at 303.

In Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), the Supreme Court, with Mr. Justice Frankfurter dissenting on this question, among others, 353 U.S. at 467, 77 S.Ct. at 926, reversed and ordered arbitration without noting Section 1 of the Arbitration Act, although the court of appeals discussed it and held that a collective bargaining agreement was a "contract of employment" within the meaning of the section. Lincoln Mills of Alabama v. Textile Workers Union, 5 Cir., 230 F.2d 81 (1956).

Moreover, in Drake Bakeries, supra, a case brought under Section 3 of the Arbitration Act, the Supreme Court took no notice of Section 1 of the Act.

We think it is well established, therefore, that the terms "foreign or interstate commerce," as used in the exemption, were not intended to apply to collective bargaining agreements similar to the one before us in the instant case. We so hold.

We find no merit in Company's contention that Union was in default in proceeding to arbitration and that it should be barred from applying for a stay.

Finally, Company asserts that Union's denial of responsibility for the work stoppage constitutes a factual issue properly to be determined by the district court rather than by an arbitrator. Having hereinabove held that the language of the bargaining agreement requires arbitration of the dispute in question, it necessarily follows, under the authorities cited, that the facts going to the merits of the dispute are to be found by the arbitrator.

The order of the district court appealed from is affirmed.

Affirmed.