ELECTRIC ALARM TRADE ASSOCIATION, Inc., Plaintiff,

v.

LOCAL UNION NO. 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Defendant.

No. 66 Civ. 4511.

United States District Court
S. D. New York.
June 9, 1967.

Kimmell & Kimmell, Mineola, N. Y., for plaintiff.

Harold Stern, New York City, for defendant.

## MEMORANDUM

TENNEY, District Judge.

This action is brought under Section 301(a) of the National Labor Relations Act, 29 U.S.C. § 185(a) (1964), to recover damages for breach of Article VIII, section III of the collective bargaining agreement executed by plaintiff and defendant. Said clause provides:

that the said Union shall employ its resources in organizing the burglar alarm industry in its entirety to the effect that it will not meet unorganized conditions to the detriment of the operating companies and investigate all reports of employers working against Union regulations.

The complaint alleges that defendant breached this provision "by failing and refusing to take appropriate measures to organize the employees of numerous, non-union and unorganized burglar alarm companies" and that plaintiff has been damaged thereby in the sum of four hundred and fifty thousand dollars ($450,-000.00).

Defendant has moved herein to dismiss the action or, in the alternative, to stay proceedings pending arbitration of the company's claim for damages. The Court is of the opinion that the complaint validly states a claim for relief and if the facts alleged therein can be proven, plaintiff would be entitled to prevail. Accordingly, defendant's primary motion is denied.

However, the Court also concludes that defendant's alternate position is a valid one.

Article XV sets forth the grievance machinery of the collective bargaining agreement and provides:

"(b) This combined committee shall also function as a grievance committee to resolve *any and all disputes arising out of the application or interpretation of the provisions of this agreement.* In the event that a dispute is not settled within ten (10) days after it has been raised by either party, the outside panel of the New York State Board of Mediation shall be used, at the request of either party for the selection of an impartial arbitrator in accordance with its procedures * * * whose decision shall be final and binding on all the parties." (Emphasis added.)

Arbitration of a particular grievance should be ordered "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960); Monroe Sander Corp. v. Livingston, 377 F.2d 6, 2d Cir., May 3, 1967. The facts of the within case present a strong argument in favor of arbitration since the union's alleged wrong was, by plaintiff's own admission, directly attributable to a specific clause of the collective bargaining agreement. Any proof of the breach requires reference to the contract. Old Dutch Farms, Inc. v. Milk Drivers, etc., Union, 359 F.2d 598, 601 (2d Cir.), cert. denied, 385 U.S. 832, 87 S.Ct. 71, 17 L. Ed.2d 67 (1966).

Plaintiff argues that since money damages are sought, the case is not suitable to resolution by arbitration. Article XV of the collective bargaining agreement makes no provision for the exclusion from the grievance procedure of a claim for damages for breach of a clause of said agreement. Absent the inclusion of such a clause, the dispute should be sent to arbitration. See Drake Bakeries Inc. v. Local 50, American Bakery, etc., Workers, 370 U.S. 254, 259–260, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962).

Having concluded that the dispute is clearly within the broad arbitration clause of the collective bargaining agreement, the Court will grant defendant's alternate motion and the within proceedings are stayed pending arbitration. Pietro Scalzitti Co. v. International Union of Operating Eng'rs, 351 F.2d 576 (7th Cir. 1965).

So ordered.