**HOWARD ELECTRIC CO., a Colorado corporation, Appellant,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 570 and International Brotherhood of Electrical Workers, Appellees.**

**No. 22749.**

United States Court of Appeals, Ninth Circuit.

Feb. 17, 1970.

Bennett S. Aisenberg (argued), of Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., Shimmel, Hill, Kleindienst & Bishop, Phoenix, Ariz., for appellant.

Ira Schneier (argued), Tucson, Ariz., for appellees.

Before BARNES, DUNIWAY and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

Howard Electric Company filed this action for damages under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 (1964). The complaint alleged that the I.B.E.W., through its local union, ordered and coerced employees of the company to engage in a walkout in violation of a collective bargaining contract provision that "[t]here shall be no stoppage of work * * * by strike" during the term of the agreement.

The union filed a motion to stay the proceedings in the district court pending arbitration in accordance with the grievance procedure of the collective bargaining agreement. In an affidavit attached to the motion, the business manager for the local union admitted that some employees had engaged in a walkout because of a dispute over the referral of employees, but claimed that the walkout was without sanction, action, or fault of the local union. The business manager specifically denied that the union instigated the walkout or encouraged its members not to work for the company.

After a hearing, the district court granted the union's motion to stay pending arbitration and the company appeals. We affirm.

The issues, as we see them, are twofold: First, whether there was a "dispute" between the parties; and, second, if so, had the parties consented to having the dispute resolved by arbitration.

I.

The company takes the position that, because the union admitted there was a walkout, there was no longer a "dispute" over a matter relating to the agreement. However, during the hearing in the court below, the company admitted that the union would not be liable for violat-

ing the no-strike clause unless it was shown that the union instigated the strike. As mentioned above, the union denied instigating or encouraging the strike.

■ We are unable to accept the company's embellishment of the union's concession that some of the employees did engage in a walkout. The union, by denying responsibility for the walkout, also denied a violation of the no-strike clause. Hence, there was a dispute between the company and the union over whether a breach of the no-strike clause had occurred. *See* Pietro Scalzitti Co. v. International Union of Operating Engineers, Local No. 150, 351 F.2d 576, 578 (7th Cir. 1965).

## II.

In determining whether this particular dispute was subject to arbitration, only two provisions of the collective bargaining contract are relevant. Article I, Section 4, provides:

"There shall be no stoppage of work either by strike or lockout because of any proposed changes in the Agreement or disputes over the matters relating to the Agreement. All such matters must be handled as stated herein."

Section 6 of Article I provides:

"All grievances or questions in dispute shall be adjusted by the duly authorized representatives of each of the parties to this Agreement. * * *"

Article I thereafter sets forth the proper method of presenting a grievance or question in dispute, first through a Joint Conference Committee and, failing agreement there, to an industry committee.

■ The rules of construction governing the arbitrability of a particular issue in collective bargaining contracts are now well established. Arbitration is consensual and it is for the courts to decide if the reluctant party has given up its right to pursue any remedy it desires by virtue of the arbitration provisions in the contract. John Wiley & Sons,

Inc. v. Livingston, 376 U.S. 543, 547, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). Where doubt exists as to the scope of the particular provision, a broad construction is favored to carry out the parties' presumed intent and the national labor policy favoring the settlement of labor disputes by arbitration. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.*, at 582–583, 80 S.Ct. at 1353.

■ Claimed breaches of no-strike clauses are no less immune from these rules. In Drake Bakeries, Inc. v. Local 50, American Bakers & Confectionery Workers Int'l, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962), the Court held that the employer's claim that the union had encouraged its workers not to report for work, and the union's denial thereof, was a "dispute" as that term was used in the arbitration provision and was therefore within the arbitrator's jurisdiction. In Los Angeles Paper Bag Co. v. Printing Specialities and Paper Products Union, 345 F.2d 757 (9th Cir. 1965), we held that an employer could not unilaterally determine that an unauthorized walkout had occurred when the union denied that it was unauthorized.

■ The company seeks to distinguish this case from *Drake Bakeries* and *Los Angeles Paper Bag* on the basis of the language in the arbitration provisions and on the basis of the facts leading to the dispute in question. Granted that these distinctions may exist, the same principles are applicable and the language in the instant litigation is sufficiently broad to cover the matter in dispute.

Here the company's claim of a union-instigated walkout was nothing more

than a claim that the union violated the no-strike clause of the collective bargaining contract. The union denied the alleged violation. The inescapable conclusion is that a dispute over a matter relating to the agreement existed and was therefore subject to arbitration. Furthermore, there is nothing in the agreement which would allow us to conclude with "positive assurance" that the parties did not contemplate this result. If, as is now asserted, a dispute over a breach of the no-strike clause is so fundamental as to exclude arbitration, it is reasonable to assume that the company would have negotiated an express exclusion in the agreement. *Drake Bakeries, Inc., supra,* 370 U.S. at 259, 82 S.Ct. 1346.

By way of comparison, we cite Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962), and District 50, United Mine Workers v. Chris-Craft Corp., 385 F.2d 946 (6th Cir. 1967), both cases holding that the employer was not required to arbitrate an alleged violation of a no-strike clause. In the former, the grievance procedure was limited to employee grievances, and in the latter the agreement specifically excluded discharges resulting from a violation (there admitted) of the no-strike clause. In our case the grievance procedure was clearly available to the company, as well as the employees, and there is nothing in the contract specifically excluding an alleged breach of a no-strike provision.

We are not indifferent to the difficulties facing an employer when employees walk off the job over a dispute which the employees should have submitted to arbitration. Nor do we intend to deprive the employer of his damages if he is entitled to them. However, here the union, the party which the company seeks to hold liable, denies that it violated the contract. By requiring the company to go to arbitration, we simply remit the company to the forum it agreed to use.

The district court's order staying this action pending arbitration is affirmed.