E. C. ERNST, INC., a District of Columbia Corporation, Plaintiff,

v.

CITY OF TALLAHASSEE, Reynolds, Smith & Hills, Architects-Engineers-Planners, Inc., a Florida Corporation, Tompkins-Beckwith, Inc., a Florida Corporation, and the Anaconda Company, a Delaware Corporation, Defendants.

No. TCA 80–1061.

United States District Court, N. D. Florida, Tallahassee Division.

Dec. 16, 1981.

James L. Ade, Stephen D. Halker, Jacksonville, Fla., and Friedman & Gass, P. C., New York City, for plaintiff.

James R. English, Tallahassee, Fla., for defendant City of Tallahassee.

Thomas J. Guilday, Tallahassee, Fla., and David W. Carstetter, Jacksonville, Fla., for defendant Reynolds, Smith & Hills.

Paul P. Sanford, Frank X. Friedman, Jr., Jacksonville, Fla., for defendant Tompkins-Beckwith.

Wilfred C. Varn, Tallahassee, Fla., for defendant Anaconda Co.

## ORDER DENYING MOTION FOR STAY

HIGBY, District Judge.

This is a construction contract lawsuit which began when E. C. Ernst, Inc., sued four defendants alleging violations of all duties, contractual, legal, and moral, to Ernst created by the contracts and relationships involved in the construction of an electricity generating substation for the City of Tallahassee. Tompkins-Beckwith, relying upon the arbitration clause in its contract with Ernst, moved for a stay of the proceedings and an order compelling Ernst to arbitrate all its claims against Tompkins-Beckwith. I ordered Tompkins-Beckwith and Ernst to arbitrate all claims against Tompkins-Beckwith and stayed all proceedings until arbitration was concluded.

Defendant Tompkins-Beckwith, Inc., has filed a document titled "Notice of Waiver of Right to Arbitration and Motion to Lift Stay of Proceedings." In it Tompkins-Beckwith expressly waives its contractual right to arbitration of Ernst's claims against it and asks me to lift the stay entered when I ordered arbitration. Implicit in the document is a request that the order requiring arbitration be· nullified. Ernst responded by a memorandum stating it now wishes to insist upon its contractual right to arbitration. Tompkins-Beckwith replies Ernst waived its right to arbitration by bringing this lawsuit.

Arbitration is a contractual right which parties to a contract may waive. And as Tompkins-Beckwith points out filing a lawsuit to enforce a contract usually amounts to a waiver by the plaintiff of its right to arbitration. "There is no set rule, however, as to what constitutes a waiver or abandonment of the arbitration agreement. The question depends upon the facts of each case and usually must be determined by the trier of facts." *Burton-Dixie Corporation v. Timothy McCarthy Construction Co.*, 436 F.2d 405 (5th Cir. 1971), at 408.

When Ernst filed its lawsuit it had waived its right to arbitrate. At that point Tompkins-Beckwith could also have waived its right. Instead Tompkins-Beckwith wisely chose to insist upon arbitration. I ordered arbitration July 15, 1981, and directed that the arbitration hearing begin within 180 days from the date of the order. Arbitration proceedings began. Ernst and Tompkins-Beckwith participated. September 4, 1981, 51 days after arbitration was ordered, Tompkins-Beckwith filed its "Notice of Waiver of Right to Arbitration."

This situation is similar to *Krauss Bros. Lumber Co. v. Louis Bossert & Sons, Inc.*, 62 F.2d 1004 (2d Cir. 1933). The plaintiff in that case elected to sue rather than arbitrate as the contract allowed. The defend-

ant offered to arbitrate. Eight months after filing suit, the plaintiff accepted the arbitration offer. Over the defendant's objection the trial court compelled arbitration. The second circuit affirmed reasoning the defendant "could not prevent the plaintiff's resumption of the remedy, while its own position remained unchanged." *Krauss Bros. Lumber Co. v. Louis Bossert & Sons, Inc.*, 62 F.2d 1004 (2d Cir. 1933), at 1006. That reasoning is sound and equitable.

■ . There are, however, some differences between this case and *Krauss Bros.* Ernst did not make its change of heart known until after Tompkins-Beckwith gave notice of its repudiation of the arbitration clause. Thus Ernst, unlike *Krauss Bros.*, did not make its desire to arbitrate known while an offer to arbitrate was open. But there was no need to make the announcement. Arbitration was in progress. Ernst gave prompt notice of its decision to arbitrate as soon as it had reason to believe the announcement should be made. In these circumstances the only fair and reasonable interpretation of events leads to concluding that Ernst's decision to arbitrate was timely enough to require arbitration to continue.

■ There is a second reason for requiring the parties to arbitrate. Tompkins-Beckwith did not attempt to waive its right to arbitration until arbitration had been ordered upon Tompkins-Beckwith's motion and was almost one-third complete. Delay in asserting a right can constitute waiver. Delay in asserting the right to arbitration, for instance, may waive that right. *See, General Guaranty Insurance Co. v. New Orleans General Agency, Inc.*, 427 F.2d 924, 929 (5th Cir. 1970); *Dickstein v. duPont*, 443 F.2d 783 (1st Cir. 1971). The converse should also be true. Delay in waiving a right to arbitrate can constitute abandonment of the right to waive. *See, Galt v. Libbey-Owens-Ford Glass Co.*, 376 F.2d 711, 714 (7th Cir. 1967) ("Furthermore, having participated in the arbitration proceedings, Sollitt may have waived any right to stay them.").

■ "Arbitration is consensual and it is for the courts to decide if the reluctant party has given up its right to pursue any remedy it desires by virtue of the arbitration provisions in the contract." *Howard Electric Co. v. International Brotherhood of Electrical Workers Local Union No. 570*, 423 F.2d 164 (9th Cir. 1970), at 166. In the factual circumstances of this case I find Ernst has sufficiently asserted its right to arbitrate while Tompkins-Beckwith has given up its right to waive arbitration. The motion to lift the stay of proceedings is denied.

Arbitration is the logical way to resolve this dispute as well as the others in this lawsuit. Judge Thomas' remarks about the value of settlement in another of Ernst's many lawsuits apply here to the value of arbitration as well as of settlement:

This proceeding should serve for years to come as a classic example of the economic futility of litigation of this nature and the need for settlement [or arbitration] of such controversies.

.     .     .     .     .

Gentlemen, this is a case which should be settled between the parties. In present day thinking, it seems to be the idea that any problem can be cured in a Federal District Court. This, I assure you, is an erroneous approach.... Lawyers in their zeal to represent their clients many times fail to see but one side of the litigation and that is the side of his client. This litigation is not a one-sided bit of litigation, it is a five-sided bit of litigation.

... [T]his is a classic example where the cost of proper preparation of the case for trial is completely disproportionate to the benefits any of the parties could hope to derive. You'all are represented by capable attorneys. None of the attorneys want to go to trial in this case unless and until they have properly and thoroughly prepared their case for trial. This entails much pretrial discovery and pretrial discovery entails much lawyer time, much travel, much hotel expense. The point is, it is extremely expensive.

**1144**

E. C. Ernst, Inc. v. Manhattan Construction Co. of Texas, 387 F.Supp. 1001 (S.D.Ala. 1974), at 1004–1006, *aff'd in part, vacated in part, and remanded*, 551 F.2d 1026 (5th Cir. 1977), *on rehearing*, 559 F.2d 268 (5th Cir. 1977), *cert. denied*, 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978).

██ To Judge Thomas' well spoken observations I should add this case is particularly suited for arbitration. All the parties know much more about adequacy of blueprints, sufficiency of electric cable, and the other myriad of technical subjects involved in this complex lawsuit than I know or am likely to ever know. They should be able to choose an arbitrator and proceed amicably.

Parties with an arbitration clause in their contract which one has invoked have been ordered to arbitrate. The other parties are, of course, free to agree to arbitrate. And I note the contract between Ernst and Reynolds-Smith has an arbitration clause which both have chosen not to invoke. At this stage in the litigation, it is not too late for either party to seek arbitration.