**In the Matter of the Arbitration Between LODGE NO. 506, INTERNATIONAL ASSOCIATION OF MACHINISTS, AFL–CIO, Petitioner**

**and**

**GENERAL ELECTRIC COMPANY, Aircraft Products Department, Johnson City Plant, Respondent.**

United States District Court
N. D. New York.
May 22, 1959.

George Schiro, Utica, N. Y., for petitioner.

Bond, Schoeneck & King, Syracuse, N. Y., Tracy H. Ferguson, Syracuse, N. Y., of counsel, for respondent.

BRENNAN, Chief Judge.

Are the procedural provisions of the Federal Arbitration Act available and sufficient to confer jurisdiction upon this court in the matter of a proceeding brought to enforce the provisions of a collective bargaining agreement is, broadly stated, the principal question posed here.

Lodge No. 506, International Association of Machinists, AFL–CIO, a labor organization representing employees of the General Electric Company as its plant at Johnson City, N. Y., has filed a petition in this court to compel General Electric to submit certain grievances or disputes to arbitration in accordance with the terms of a collective bargaining agreement between the parties. Respondent has not filed an answer but has moved by cross motion for a dismissal of the proceeding. Such motion must be first decided.

The motion to dismiss primarily attacks the form of the proceeding and asserts a lack of jurisdiction in this court over the subject matter involved and the person of the respondent. The motion is also based upon the contention that no arbitrable question is presented by the allegations of the petition.

The contention that the court lacks jurisdiction of the respondent and of the subject matter arises by reason of the fact that the petitioner seeks in a summary manner to compel arbitration of the above mentioned grievances in accordance with the provisions of Section 4 of the statute familiarly known as the Arbitration Act (Title 9 U.S.C.A.).

On three prior occasions, proceedings have been instituted in this court adopting the procedure used as above. The legal sufficiency of said procedure was put in issue by motion in each prior proceeding but decision thereof was made unnecessary because it seemed plain the petitions presented no arbitrable questions. Such a disposition here is not feasable for an answer has not yet been filed and both litigants have gone outside the record before the court in their assertions involving the nature and the circumstances of the grievances referred to in the petition. It is evident that a hearing must be held before the problem of arbitrability may be disposed of since same may well turn upon the facts disclosed. Although some authority exists to the effect that the problem of arbitrability must be solved before an order directing arbitration or a decree of specific performance be entered (Local No. 149 of Am. Federation of Technical Engineers (AFL) v. General Electric, 1 Cir., 250 F.2d 922, at 929–930), the question of jurisdiction arises in this proceeding so squarely that it must be first decided.

The documents submitted by the petitioner leave something to be desired. The petition itself is not executed by the petitioner. It simply bears the typed

signature of the attorney for the petitioner. It is, however, verified by the president of the petitioning union. It contains allegations to the effect that the petitioner is a labor organization and is engaged in industry affecting interstate commerce as defined in the Labor Management Relations Act of 1947. The basis of the proceeding appears to be incorporated in the allegation found in paragraph 4 of the petition, as follows: "The Motion to Compel Arbitration herein arises under the Federal Arbitration Act, Title 9 of the United States Code and pursuant to the Labor Management Relations Act of 1947, as amended, Section 301 (61 Stat. 136, 29 U.S.C.A. 141 [et seq.]) as hereinafter more fully appears." The meaning of said allegation may be doubtful. It would seem to base the proceeding under the provisions of the Arbitration Act and in some manner to imply that authority for the use of same is found in the Labor Management Relations Act. The "wherefore" clause seeks an order compelling arbitration " * * * pursuant to the Arbitration Act * * * ". The petition taken as a whole seeks to confer jurisdiction on this court solely upon the provisions of the Arbitration Act and the problem is reduced to a determination as to the sufficiency of same.

The petitioner here seems to rest his contention upon the language found in Section 4 of the Arbitration Act. The argument is understood to contend that since the decision of the Supreme Court in Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, wherein it was held that an action to specifically enforce the terms of a collective bargaining agreement to submit disputes to arbitration may be maintained under Section 301 of the Labor Management Relations Act, that the exclusionary provisions of Section 1 of the Arbitration Act are no longer a bar to this proceeding.

■ The petitioner concedes that there is no known reported authority to sustain the above contention and that all of the reported decisions since the Lincoln Mills case involving the arbitration provisions of a collective bargaining agreement of employees engaged in interstate commerce have been instituted under Section 301 of the Labor Management Relations Act by the commencement of an action seeking a decree of specific performance or similar relief which in effect would compel arbitration. Although this fact is not conclusive, one is impressed that if petitioner's contention has a legal basis, it would seem that the summary proceeding which is here invoked would have found favor in this recently much litigated area. It is urged that even in the absence of authority, this court should uphold the procedure here adopted upon the theory of time-saving. The argument is not appealing. Promptness in the disposition of legal proceedings is an end much to be desired but procedures designed for the protection of the rights of litigants, recognized as essential over a period of years, are not lightly to be sacrificed or discarded.

■ An extended discussion of reported cases would seem to be unnecessary here. That confusion existed in such precedents prior to the Lincoln Mills decision is recognized in that opinion. That decision did no more than to hold that an action could be maintained under the provisions of the Labor Management Relations Act to compel the performance of the provisions of a collective bargaining agreement as they relate to arbitration. The majority opinion in no way indicated that the provisions of the Arbitration Act were extended thereby. The dissenting opinion of Justice Frankfurter, at page 466, at page 926 of 77 S.Ct., construes the decision as rejecting the availability of the Arbitration Act to enforce arbitration clauses in collective bargaining agreements. This construction, while not binding, is persuasive.

Any reliance by the petitioner upon the decision of Signal-Stat Corp. v. Local 475 etc., 2 Cir., 235 F.2d 298, is misplaced. That action was brought under the provisions of the Labor Management

Relations Act. The applicability of the provisions of the Arbitration Act relative to a stay of proceedings was found to be applicable upon the basis of a narrow construction of the exclusionary clause of Section 1 of the Arbitration Act. This case was decided prior to the Lincoln Mills case and the fact that certiorari was denied, the week after the latter decision, carries no implication.

Again petitioner can obtain no consolation from the decision in Local No. 149 of Am. Federation of Technical Engineers (AFL) v. General Electric, supra. In that case, the petition was filed under both the provisions of the Arbitration Act and Management Relations Act. The problem here posed was discussed therein but not decided. The court proceeded upon an alternative ground as a basis for its decision and assumed that the provisions of the Arbitration Act were not applicable to collective bargaining agreements.

Petitioner's contention that the provisions of Section 4 of the Arbitration Act are applicable and that this court would have jurisdiction of the subject matter of this proceeding under the Judicial Code by reason of the decision in the Lincoln Mills case will be briefly referred to. The words "judicial code", as used in the above section, necessarily refers to Title 28 U.S.C.A. We then turn thereto to ascertain whether or not this court would have jurisdiction of the subject matter involved here in the absence of the provisions of the contract relative to arbitration.

In the absence of such provisions, the subject matter of the suit involves only a dispute arising from an alleged breach of contract between private individuals. It is beyond argument that this court would have no jurisdiction of such a controversy under the provisions of Title 28 U.S.C.A. §§ 1331 and 1332. The allegations of the petition do not bring same within either of said sections. If jurisdiction of the subject matter exists at all, same must rest under the provisions of Section 1337 which gives district courts jurisdiction of a civil action or proceeding arising under an act of Congress regulating commerce. The subject matter of this suit does not arise under any such statute. (Zaleski v. Local 401 etc., D.C., 91 F.Supp. 552.) (See also International Ladies' Garment Workers' Union, AFL, v. Jay-Ann Co., 5 Cir., 228 F.2d 632, at 634 and cases cited.) The Labor Management Relations Act, as construed and applied in the Lincoln Mills case, creates no new right. It merely affords an additional remedy. (Puerto Rico v. Russell & Co., 288 U.S. 476, at 483, 53 S.Ct. 447, at 449, 77 L.Ed. 903.) It follows that petitioner's argument is rejected.

It is concluded that this court has no jurisdiction over the person of the respondent or of the subject matter of this proceeding and the motion to dismiss is therefore granted, and it is

So ordered.