**Hazel PINTOZZI and Geraldine Pintozzi, Plaintiffs-Appellants,**

v.

**William J. SCOTT, Attorney General of Illinois, et al., Defendants-Appellees.**

**No. 18001.**

United States Court of Appeals, Seventh Circuit.

Dec. 7, 1970.

Rehearing Denied Feb. 17, 1971.

Anna R. Lavin, Edward J. Calihan, Jr., Chicago, Ill., for plaintiffs-appellants.

Norman H. Nachman, Allan G. Sweig, Chicago, Ill., for James M. Flanagan, defendant-appellee.

Edward V. Hanrahan, State's Atty., Francis Barth, Asst. State's Atty., for defendant-appellee, George N. Leighton, Judge of the Circuit Court of Cook County, Ill.; Daniel P. Coman, Chief, Civil Div., of counsel.

William J. Scott, Atty. Gen., Chicago, Ill., for defendants-appellees; Francis T. Crowe, Morris S. Bromberg, Asst. Attys. Gen., of counsel.

Before KILEY, KERNER and PELL, Circuit Judges.

KILEY, Circuit Judge.

This is a civil rights action (42 U.S.C. §§ 1981, 1983, alleging jurisdiction under 28 U.S.C. § 1443) which seeks injunctive relief, accounting and damages; a declaration that defendant judge's order appointing a receiver is void; and the return of properties alleged to be plaintiffs' and unlawfully seized by defendants under color of state law in vio-

lation of plaintiffs' constitutional rights. The district court dismissed the complaint. We affirm.

Plaintiffs sue as beneficial owners of property in Chicago and its suburbs. They assert that their Fourth and Fourteenth Amendment rights to be secure in their property and effects, and their Fifth Amendment right to due process, were violated by acts of defendant Leighton, a judge of the Circuit Court of Cook County; by defendant Flanagan, receiver of the property, appointed by Judge Leighton; by defendant Mahin, Illinois Director of Revenue and by defendant Scott, Attorney General of Illinois.

The constitutional claims rest upon charges that Scott filed suit in the Circuit Court of Cook County in behalf of Mahin to enforce against plaintiffs' husbands payment of Illinois taxes, Illinois v. Rocco Pintozzi, et al., 67 C 144707; and that despite the fact that no assessments or judgments for taxes were alleged against plaintiffs, the state judge without jurisdiction appointed the receiver who took possession of plaintiffs' property without compensation to, and who has been receiving rent from the property without accounting to, plaintiffs.

Defendants moved to dismiss the complaint upon various grounds. On August 11, 1969, the district court dismissed upon the following stated grounds: that the action was barred by 28 U.S.C. § 1341;[1] that the relevant civil rights statutes protect personal liberty rather than property rights; and that the state court decision is *res judicata* since plaintiffs were defendants in the state action.[2]

In its Memorandum Opinion the district court found that in the state court proceeding Illinois claimed that the property involved was "purchased with monies diverted from sham corporations pursuant to a scheme to defraud the state of taxes" and sought seizure of the property to pay delinquent state taxes; that after a "lengthy hearing" Judge Leighton appointed Flanagan receiver to take over Chicago properties; and that a trial had been completed with Judge Leighton's decision that "monies collected from [Illinois] retailers occupation tax were unlawfully employed to acquire the disputed real estate." The district court further found that since Judge Leighton decided a receiver was necessary, and plaintiffs had a "plain, speedy and efficient" appellate court remedy in Illinois courts, any action of the federal district court would interfere with collection of the state taxes in violation of 28 U.S.C. § 1341. The court thereupon concluded it had no jurisdiction. We confine our attention to this element of the district court's decision.

After the case before us was filed, Judge Leighton on July 17, 1969 tried the issues before him and found that plaintiffs paid no consideration for their interests in the property, and that·the property belonged to their husbands, who had purchased it with money acquired from sales tax monies they had collected but had not paid the state. Judge Leighton ordered the properties subject of plaintiffs' interests sold if plaintiffs' husbands did not pay taxes of $1,116,758.65 within thirty days. On October 30, 1969 he denied in substance plaintiffs' motions to modify his decree. In January, 1970 plaintiffs and their husbands appealed to the Illinois Supreme Court where the case was pending when briefs were filed in the appeal now before us.

■ In view of these uncontroverted facts, we are not persuaded by plaintiffs' argument that the state suit could not be subject to the bar of 28 U.S.C. §

1. Section 1341 provides: "The District Court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

2. The court did not refer to the ground of judicial immunity urged by defendants Leighton and Flanagan.

1341 because no final assessment was made against plaintiffs and no lien had been impressed upon the property. The decretal order of Judge Leighton that plaintiffs' husbands pay the amount of taxes due supports the district court's conclusion that the state suit came within § 1341 as a "levy or collection" of state taxes. In the sensitive area of federal-state relationship we construe § 1341 liberally and abstain from interfering in state tax suits. We hold that that district court did not err in declining jurisdiction.

The uncontroverted facts render frivolous the plaintiffs' claim that the district court was in error in concluding that the pendency of the receivership since early 1968 shows plaintiffs had no "plain, speedy and efficient" remedy available as required by § 1341. Throughout the proceeding before Judge Leighton, plaintiffs participated without objection in the course of the litigation to its determination in October, 1969. There is no showing that their remedy was not efficient. Their appeal filed in the Illinois Supreme Court in January of 1970 indicates clearly that the remedy was plain and speedy.

Plaintiffs assert that § 1341 does not bar the exercise of federal powers of equity when the claim in the district court is denial of federal constitutional rights. The record before Judge Leighton showed assessment and judgment was against plaintiffs' husbands who had mingled their funds with state sales tax funds and from the commingled funds had purchased the properties in suit in perpetrating their fraud upon the state. The record in the state court also showed that plaintiffs had paid no consideration to their husbands for the plaintiffs' claimed interests, and that the property in fact belonged to their husbands.[3] These findings justify the

state court receivership appointment to protect the state. Without deciding the validity of plaintiffs' legal theory, we hold plaintiffs were not denied substantial constitutional rights such as to justify federal intervention in the state court proceedings. *See* Olan Mills, Inc. of Tenn. v. Opelika, 207 F.Supp. 332 (M.D.Ala.1962). In view of the findings of fraud in circumventing liability for state taxes and purchase of the property, plaintiffs are in no position to claim the same right as innocent taxpayers.

The judgment is affirmed.

---

3. It is appropriate for the trial court to consider, in a motion to dismiss under Rule 12(b) (1), matters outside of the pleadings. 2A Moore's Federal Practice, § 1209. The only way the district court could determine whether it lacked jurisdiction in this case was to consider the pleadings and orders in the state court which were attached as exhibits to defendant Flanagan's motion to dismiss.