**William E. DANIELS, Plaintiff,**

v.

**The CINCINNATI INSURANCE COMPANY, Defendant.**

**No. IP 91–191–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Feb. 3, 1993.

Kent M. Frandsen, Parr Richey Obremskey & Morton, Lebanon, IN, for plaintiff.

Martha S. Hollingsworth, Tammy J. Meyer, Bingham Summers Welsh & Spilman, Indianapolis, IN, for defendant.

ENTRY

BARKER, District Judge.

On September 4, 1992, this Court denied the Cincinnati Insurance Company's motion for summary judgment, and *sua sponte* granted William E. Daniels summary judgment and issued a corresponding Judgment on Daniels' request for declaratory relief, 800 F.Supp. 753. The Cincinnati Insurance Company has since filed a Motion to Alter or Amend Judgment, asserting that by addressing and deciding issues other than the one raised in its motion (regarding the import of "exclusion (h)" under Daniels' insurance policy), it was denied due process and the opportunity to present and argue the issues raised in its affirmative defenses and in its Counterclaim for Declaratory Judgment. In that motion, the Cincinnati Insurance Company asks the Court to vacate the September 4, 1992 Entry and Judgment, or at least vacate Part III of that Entry such that this litigation may proceed on the issues raised in its affirmative defenses and counterclaim.

Daniels has filed a response to that motion and concedes that by entering a final judgment, instead of an interlocutory order, the Court has inadvertently denied the Cincinnati Insurance Company the opportunity to present other matters for consideration prior to final judgment. As a result, Daniels has no objection to the Court's Judgment of September 4, 1992 being vacated, but claims that the Court accurately anticipated and addressed the issue of whether the government's CERCLA response costs are "damages" within the meaning of Daniels' insurance policy, and, therefore, that decision should stand.

"[D]istrict courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that she had to come forward with all her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *Price v. Rochford*, 947 F.2d 829, 834 n. 3 (7th Cir.1991); *accord Macon v. Youngstown Sheet & Tube Co.*, 698 F.2d 858, 861 (7th Cir.1983) (district courts lack power to enter summary judgment *sua sponte* only when party against whom summary judgment was entered "did not have adequate notice and a fair opportunity to present evidence in opposition to the entry of summary judgment"). Although a litigant should be allowed a "reasonable opportunity to establish the existence of material controverted facts, where no potential disputed material issue of fact exists, a summary judgment will not be disturbed even though the district court did not afford such notice and opportunity. *Milwaukee Type., Etc. v. Newspapers, Inc.*, 639 F.2d 386 (7th Cir.1981) (discussing the need for notice in the context of a district court converting a motion to dismiss into one for summary judgment); *see In re Wade*, 969 F.2d 241, 249, n. 10 (1992); *Beam v. IPCO Corp.*, 838 F.2d 242, 245 n. 10 (7th Cir.1988). However, where the party subjected to summary judgment was not afforded notice of the court's intentions and subsequently represents that it would have submitted specific controverted material factual issues if it had been given the opportunity, summary judgment is inappropriate. *Milwaukee Type., Etc. v. Newspapers, Inc.*, 639 F.2d at 391.

The Cincinnati Insurance Company claims in its Motion to Amend that it did not have the opportunity to address the issue of whether the government's CERCLA response costs are "damages" within the insurance policy and that it would have presented controverted evidence regarding that issue had it been given the opportunity. Accordingly, the Court VACATES the September 4th Judgment and VACATES the part of the September 4th Entry that addresses the issue of whether the government's CERCLA response costs are "damages" under Daniels' insurance policy, but affirms that part of the Entry that denies the Cincinnati Insurance Company's motion for summary judgment on the exclusion (h) issue.

### Conclusion

The Cincinnati Insurance Company's motion to reconsider is GRANTED; the September 4, 1992 Judgment is VACATED; and the September 4, 1992 Entry is VACATED, in part, as outlined above.

It is so **ORDERED.**