Rebecca S. BURICK, Plaintiff–Appellant,

v.

EDWARD ROSE & SONS, a corporation and Great Oaks Apartments, and Jim Pierson, Defendants–Appellees.

No. 92–3485.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 24, 1993.

Decided March 17, 1994.

Ernest T. Rossiello, Margaret A. Zuleger (argued), Rossiello & Associates, Chicago, IL, for plaintiff-appellant.

Mark L. Shapiro (argued), Rudnick & Wolfe, Brett G. Rawitz, Katten, Muchin & Zavis, Chicago, IL, Scott C. Sullivan, Williams & McCarthy, Rockford, IL, for defendants-appellees.

Before BAUER, EASTERBROOK, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Rebecca Burick was employed at the Great Oaks Apartments in Rockford, Illinois. In her first amended civil rights complaint she alleged that sexual harassment by her supervisor forced her to quit her job. Setting forth the defendants, she named as her employer, Edward Rose and Sons d/b/a Great Oaks Apartments, and her supervisor Jim Pierson.[*]

On May 6, 1992, Rose and Sons and Great Oaks filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief could be granted. The motion alleged that Rose and Sons was not the employer of either Burick or her supervisor Pierson and therefore no cause of action existed against Rose and Sons. Accompanying the motion to dismiss was an affidavit by the director of property management for Personnel Management, Inc. (an affiliate of Rose and Sons) stating that both Burick and Pierson were, in fact, its employees. No brief or memorandum of law was submitted with the motion to dismiss.

On May 15, 1992, Burick was ordered by the district court to respond to Rose and Sons' motion to dismiss by June 16, 1992 and a status hearing was set for August 7, 1992. On May 28, 1992, in a telephone conversation, counsel for Burick agreed to give counsel for Rose and Sons an extension of Burick's previously issued discovery request pending a ruling on the motion to dismiss. The time for Rose and Sons to answer was extended to July 29, 1992. No response for Burick to the motion to dismiss was filed by June 16th; however, on June 25, 1992, a telephone conversation again took place between counsel for Rose and Sons and counsel

for Burick. Burick's counsel indicated that he did not intend to contest the motion to dismiss by filing a response but would file an amended complaint naming Personnel Management, Inc. as a defendant instead of Rose and Sons.

On July 28, 1992, Burick submitted for filing her second amended complaint deleting Rose and Sons and naming as a defendant Personnel Management, Inc. According to Fed.R.Civ.P. 15(a), a second amended complaint could not, however, be received for filing without leave of court or the consent of the adverse party.

Unbeknownst to the parties, three days earlier, on July 24, 1992, the district court had taken action upon noting that Burick had not responded to Rose and Sons motion to dismiss. Based on the permissive language in Fed.R.Civ.P. 12(b), the court converted the Rose and Sons motion to dismiss into a motion for summary judgment by considering matters outside the pleadings. Also because Burick had failed to respond to the motion to dismiss, the court applied Local Rule 12(P) of the Northern District of Illinois which provides that when a party fails to file an answering memorandum to a motion "... the court may grant the [motion] without further hearing." As a result, summary judgment was entered against Burick on the court's docket on July 29, 1992.

Burick's counsel was on notice of the pending motion to dismiss but, as he told his opposing counsel, he was intentionally declining to respond—he was relying instead on a submission of a second amended complaint—and assumed (incorrectly as we have seen) that the matter would be resolved at the status hearing set for August 7th.

Burick's counsel, however, was not on notice that the motion to which he declined to make a response would be a motion for summary judgment. In fact, ongoing discussions between counsel were calculated to render the motion moot. Burick's counsel had little reason to believe that his decision to concede the "employer" issue and not respond to the motion (along with the submission of an

[*] This lawsuit against Rose and Sons followed five years of administrative proceedings in the Illinois

Department of Human Rights against the same defendants.

amended complaint) would leave Burick vulnerable to summary judgment. He was unaware that a disposition on the merits was in the offing. Therein lies the problem. Rule 12(b) requires that "if matters outside the pleadings are presented to and not excluded by the court" in a motion to dismiss under subsection (6), that motion "shall be treated as one for summary judgment." However, the rule also requires that such a motion be "disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." As the advisory committee note to Rule 12(b) indicates, the notice procedure is necessary "to avoid taking a party by surprise through the conversion of the motion [to dismiss] into a motion for summary judgment."

Surprise is what happened in this case. In this circuit, to avoid the problems raised by such surprise, we have urged district judges to give notice when they intend to convert a 12(b)(6) motion to dismiss into a motion for summary judgment. *See Farries v. Stanadyne/Chicago Div.,* 832 F.2d 374, 377 (7th Cir.1987); *See also Fleischfresser v. Director of School Dist. 200,* 15 F.3d 680, 684–85 (7th Cir. Feb. 2, 1994) (notice should be given, but where there is no actual surprise, lack of notice not reversible error). The Eleventh Circuit, in interpreting Rules 12(b) and 56, has gone further, *requiring* that a ten-day notice be given by a district court whenever it intends to treat a 12(b)(6) motion as one for summary judgment. *Jones v. Automobile Ins. Co. of Hartford, Conn.,* 917 F.2d 1528, 1531–35 (11th Cir.1990).

■ Rather than applying a bright-line rule when a district judge fails to give notice, we determine whether the parties could have submitted specific controverted material factual issues to the trial court had they been given notice that the 12(b)(6) motion was to be treated as a motion for summary judgment. *Farries,* 832 F.2d at 377–78 (citing *Milwaukee Typo. Union No. 23 v. Newspapers, Inc.,* 639 F.2d 386, 391 (7th Cir.1981)). If no potential disputed material facts exists or are represented to exist we will not disturb a summary judgment even though the trial judge failed to follow the notice procedure. On the other hand, where potential disputed material facts exist we would be required to find that summary judgment entered without notice was inappropriate. *Id.*

■ The entry of summary judgment in this case without notice of the conversion from a motion to dismiss was inappropriate. Burick tendered, in her supplemental submission to the district court, her counter-affidavit. In that affidavit she stated that Edward Rose and Sons was, in fact, her employer within the meaning of Title VII. She stated that she received all instructions for her work from the headquarters from Edward Rose and Sons in Southfield, Michigan. She further stated that when she was hired she was informed that she would be working for Edward Rose and Sons at Beacon Hill Apartments in Rockford. She was then transferred to Great Oaks Apartments, another Edward Rose and Sons property, which was commonly owned, managed, and financially controlled by Edward Rose and Sons. She further stated that her only relationship to Personnel Management, Inc. was that she received her salary check from that entity.

Unresolved issues of fact are plainly raised by the Burick affidavit. Had Burick been notified of the judge's intention to convert the motion to dismiss to a motion for summary judgment the affidavit could have been produced to counter the affidavit submitted by Rose and Sons.

It is true that Burick's counsel set the stage for the difficulty he encountered by failing to provide the court with the same information he had given to his opposing counsel. That information was his decision to amend the complaint rather than contest the motion to dismiss. Some sanction for failing to respond to the motion to dismiss as ordered by the court might have been appropriate. But under the circumstances of this case, consequences as severe as an adverse disposition in the case on the merits would hardly be called for. We would also note that district court's local rule 12(P) does not apply. The rule does provide that if a party fails to respond to a motion the court "may grant the same without further hearing." The motion filed, however, was a motion to

dismiss—but the motion granted was one for summary judgment.

The district court erred in not providing notice to the parties of its intent to treat Rose and Sons' 12(b)(6) motion to dismiss as a motion for summary judgment. The summary judgment granted in favor of Edward Rose and Sons is VACATED and this case is REMANDED for reinstatement.