**Killet George SHAMOUN, Petitioner,**

v.

**DISTRICT DIRECTOR, IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 96 C 0419.**

United States District Court, N.D. Illinois, Eastern Division.

June 19, 1997.

Warren H. Appel, Chicago, IL, for Petitioner.

Marion E. Guyton, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for Respondent.

GRADY, District Judge.

## MEMORANDUM OPINION

Petitioner Killet George Shamoun, a native and citizen of Iraq, brought this habeas corpus petition, pursuant to 8 U.S.C. § 1105a(b), for relief from a final order of exclusion entered against him by the Board of Immigration Appeals ("BIA"). The respondent moves to dismiss the petition or alternatively for summary judgment. For the reasons stated in this opinion, the respondent's motion for summary judgment is granted, and the petition is dismissed.

## BACKGROUND

Shamoun was conditionally admitted to the United States as a refugee on May 19, 1976, pursuant to § 203(a)(7) of the Immigration and Nationality Act ("INA"). Shamoun is an Assyrian Christian who claims he fled Iraq due to racial, religious and political persecution in his native country. Petition for Writ of Habeas Corpus, ¶ 13. Shamoun now lives in Chicago, his wife is a United States citizen, and they have two children who are citizens by birth. *Id.* at ¶ 14. On March 29, 1993, Shamoun was convicted in the Circuit Court of Cook County of delivery of a controlled substance (cocaine), was sentenced to four years in prison, and was released after serving about 18 months. *Id.* at 16.

On August 23, 1994, the Immigration and Naturalization Service placed Shamoun in exclusion proceedings for a controlled substance violation, controlled substance trafficking, and lack of a valid immigrant visa under 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1182(a)(2)(C) and 1182(a)(7)(A)(i)(I). Respondent's Answer and Memorandum of Law, at 2. Shamoun was placed in exclusion proceedings, rather than deportation proceedings, because he had never changed his

immigration status from that of a conditional entrant into the United States. *Id.* at 2 n. 1. After a hearing before an immigration judge on October 11, 1994, the immigration judge found Shamoun to be excludable under both the above-cited narcotics provisions of the exclusion statute and under the INS regulation for the exclusion of aliens, 8 C.F.R. § 236.5(c). *Id.* at 2. Shamoun appealed the immigration judge's decision to the BIA, arguing that the immigration judge was precluded from ordering his exclusion under 8 C.F.R. § 236.5(c) because his single drug conviction was not a "compelling reason of national security or public order" that required his exclusion. *Id.*

On September 8, 1995, the BIA affirmed the immigration judge's decision to exclude Shamoun and dismissed his appeal. The BIA held that Shamoun was properly placed in exclusion proceedings, because neither he nor the INS had ever adjusted his conditional entrant status. Administrative Record, Decision of the Board of Immigration Appeals, *In re Shamoun,* # A21579196, at 4–5 (*citing Dhine v. Slattery,* 3 F.3d 613, 617–18 (2d Cir.1993) (exclusion proceedings apply to conditional entrants)). The BIA also held that the immigration judge properly held that Shamoun's drug trafficking conviction made him excludable under the exclusion statute and was a "compelling reason of national security or public order" for exclusion under 8 C.F.R. § 236.5(c). *Id.* at 8–13. The BIA noted that the lone drug trafficking conviction could provide the "compelling reason" for exclusion under the INS regulation, because of the executive and congressional policy against allowing criminal aliens, especially drug offenders, to remain in the United States. *Id.* at 10.

Shamoun brings this petition for habeas corpus relief from the BIA's order, pursuant to 8 U.S.C. § 1105a(b). The respondent now moves to dismiss the petition or, alternatively, for summary judgment.

## DISCUSSION

In deciding a motion to dismiss, the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See Wilson v. For-*

*migoni,* 42 F.3d 1060, 1062 (7th Cir.1994). Dismissal is properly granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cushing v. City of Chicago,* 3 F.3d 1156, 1159 (7th Cir.1993). Where matters outside of the pleadings are presented to and not excluded by the court, a motion to dismiss shall be treated as one for summary judgment under Rule 56. Fed.R.Civ.P. 12. Both parties must have a reasonable opportunity to present pertinent material before summary judgment may be entered against a party when a motion is converted. *See Burick v. Edward Rose & Sons,* 18 F.3d 514, 516 (7th Cir.1994).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, (1986). A "genuine issue of material fact exists only where 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Wallace v. Tilley,* 41 F.3d 296, 299 (7th Cir.1994) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). In considering such a motion, the court must view all inferences in the light most favorable to the nonmoving party. *See Tolentino v. Friedman,* 46 F.3d 645, 649 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995). The court will enter summary judgment against a party who does not come forward with evidence that would reasonably permit a finder of fact to find in his or her favor on a material question. *McGrath v. Gillis,* 44 F.3d 567, 569 (7th Cir.1995).

The respondent filed his motions to dismiss and for summary judgment contemporaneously and in the alternative. Because the parties rely on materials outside the petition, and petitioner has had the opportunity to review and respond to the evidence presented by the respondent, we treat the motion before us as one for summary judgment.

**1054**

We note at the outset that we have jurisdiction over Shamoun's habeas corpus petition. Prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") of 1996, an alien against whom a final order of exclusion had been entered would obtain judicial review of the exclusion order by a writ of habeas corpus, pursuant to 8 U.S.C. § 1105a(b). Under IIRIRA's transition provisions, an alien such as Shamoun whose order of exclusion was final before September 30, 1996, still can obtain judicial review of the exclusion order by a writ of habeas corpus. *See* IIRIRA § 309(c)(1), Pub.L. No. 104–208, 110 Stat. 3009; *see also Lalani v. Perryman*, 105 F.3d 334, 336 (7th Cir.1997) (noting that § 309(c) provides judicial review of exclusion and deportation orders that were final before April 1, 1997).

■■■ Our consideration of Shamoun's habeas petition is limited solely to a review of the administrative record from the proceedings below. *See De Brown v. Department of Justice*, 18 F.3d 774, 776 (9th Cir.1994). Legal interpretations of the BIA are reviewed *de novo*, but we give due consideration to the BIA's construction of statutes that are unclear when its interpretation is reasonable. *See Bereza v. INS*, 115 F.3d 468, 472 (7th Cir.1997); *Garcia v. INS*, 7 F.3d 1320, 1323 (7th Cir.1993). The BIA's construction of INS regulations is entitled to substantial deference, unless it is clearly erroneous or inconsistent with the regulation. *Perez–Rodriguez v. INS*, 3 F.3d 1074, 1079 (7th Cir.1993).

Shamoun's petition for habeas corpus raises four issues of law: (1) whether the immigration judge erred in her interpretation of 8 C.F.R. § 236.5(c) when she held that the drug conviction was a "compelling reason of public order" for exclusion; (2) whether a hearing is required under 8 C.F.R. § 236.5(c) to determine whether a "compelling reason of public order" exists and requires exclusion; (3) whether the immigration judge erred in failing to designate a country of deportation; and (4) whether this court should order a separate hearing on Shamoun's danger to the community under the United Nations' Convention Relating to the Status of Refugees. Petition, at ¶¶ 18–21.[1]

■■■ Petitioner's primary argument for habeas relief is that the immigration judge and the BIA erred in interpreting 8 C.F.R. § 236.5(c) to authorize a finding that Shamoun's drug conviction was a "compelling reason of public order or national security" that requires exclusion. Section 236.5(c) specifies a two-step inquiry for the exclusion of aliens such as Shamoun who are the holders of valid, unexpired refugee travel documents: (1) the alien must be found inadmissible under one of the sections of the exclusion statutes; and (2) the immigration judge must find "compelling reasons of national security or public order" for exclusion "on the basis of the acts for which they are inadmissible . . . ." 8 C.F.R. § 236.5(c). We review the immigration judge's and the BIA's interpretation of § 236.5(c) with substantial deference. *Perez–Rodriguez*, 3 F.3d at 1079. In Shamoun's case, the immigration judge followed the two-step process as set out in § 236.5(c): (1) she found Shamoun inadmissible under 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1182(a)(2)(C) and 1182(a)(7)(A)(i)(I) for a controlled substance violation, controlled substance trafficking, and lack of a valid immigrant visa; and (2) she found that the drug violation created a "compelling reason" for Shamoun's exclusion from the United States, based upon the executive and congressional policies against allowing alien drug traffickers to remain in the country. The BIA affirmed the immigration judge's decision, and we find no error of law in either of these decisions.

As the BIA's opinion noted, we are writing on a blank slate, as neither the BIA nor the federal courts have had a case interpreting § 236.5(c) prior to this one. Our inquiry begins with the text of the regulation, which supports the reading of the immigration judge and the BIA. The plain text of § 236.5(c) does not mandate a separate hearing to determine whether a compelling reason exists for exclusion. Instead, the regulation instructs the immigration judge to make this determination "on the basis of the acts

---

**1.** Shamoun agrees that he is a conditional entrant holding valid unexpired refugee travel documents, and thus does not challenge the application of the exclusion proceedings to his case.

for which [the alien is] inadmissible." As the BIA pointed out in its opinion, when a criminal conviction is the basis of exclusion, the immigration judge should examine the record and consider factors such as the nature of the conviction, its recency and its seriousness. But the regulation does not mandate, nor does it permit, a separate hearing on these issues. The immigration judge made the determination at Shamoun's hearing that his felony conviction for delivery of a controlled substance was a compelling reason of public order that warranted exclusion. The immigration judge made this determination on the basis of the evidence of Shamoun's drug conviction, and the executive and congressional policies against allowing aliens with drug trafficking convictions to remain in the United States. *See generally Garcia v. INS,* 7 F.3d 1320, 1324 (7th Cir.1993) (discussing policy towards aggravated drug felons). The BIA affirmed the immigration judge's determination. We also conclude that the immigration judge's interpretation of § 236.5(c) was reasonable, because the text of the regulation does not require a separate hearing and it was reasonable to find that the drug trafficking conviction itself was a compelling reason of public order that warranted exclusion. *See also Perez–Rodriguez,* 3 F.3d at 1079 (affirming BIA's interpretation of its own regulation under the substantial deference standard of review).

■ Petitioner is incorrect in his contention that the immigration judge should have designated a country of deportation. The BIA properly concluded that the immigration judge was not authorized to designate a country of deportation, because such authority is vested exclusively with the INS and the Attorney General. *See* 8 U.S.C. § 1227(a); *see also* 8 C.F.R. Part 237; *see generally Zardui–Quintana v. Richard,* 768 F.2d 1213, 1219 (11th Cir.1985).

■ Finally, as we noted above, we cannot consider evidence outside the administrative record in our review of this petition, and thus the petitioner is not entitled to a separate hearing on his danger to the community under the United Nations' Convention Relating to the Status of Refugees. *See De Brown,* 18 F.3d at 776; *see also Garcia,* 7

F.3d at 1325–26 (holding that INS's deportation proceedings for aggravated felons without separate hearing on danger to the community did not violate U.N. Convention). Furthermore, the 1951 U.N. Convention Relating to the Status of Refugees, to which the United States adheres under the 1968 Protocol, does not create any rights for refugees in the United States beyond those rights that they have under domestic law. *Haitian Refugee Center, Inc. v. Baker,* 949 F.2d 1109, 1109 (11th Cir.1991) (*per curiam*); *see also Garcia,* 7 F.3d at 1325–26.

## CONCLUSION

For the foregoing reasons, the respondent's motion for summary judgment is granted, and Killet George Shamoun's petition for a writ of habeas corpus is dismissed.